UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Magdy Hanna,

                    Plaintiff,                CV-02-5732 (CPS)

        - against -                           MEMORANDUM
                                              OPINION AND ORDER
The Prudential Insurance Company of
America,

                    Defendant.

----------------------------------------X

SIFTON, Senior Judge.

        Plaintiff Magdy F. Hanna commenced this action for breach of
contract against defendant Prudential Life Insurance Company
("Prudential") on the basis of defendant's denial of plaintiff's
claim under an accelerated death benefit provision on each of two
Prudential life insurance policies issued to plaintiff.
Jurisdiction is based on diversity.  Presently before the Court
are the parties' cross-applications to determine the appropriate
pre-judgment interest rate in the event Hanna prevails at trial.[1]
For the reasons that follow, the Court determines that the
applicable interest rate is the nine percent rate set forth in
N.Y. C.P.L.R. § 5004.

                          Background

        The following facts are drawn from the papers submitted by

_____

        [1] Neither party originally specified any Rule of Civil Procedure
to which their application was made pursuant.  At oral argument, both
parties consented to have the Court make all necessary factual and
legal conclusions to resolve the issue.

the parties in connection with their previous cross-motions for summary judgment. They are undisputed except where noted.

Plaintiff was born on February 15, 1951 and resides in Staten Island, New York. Defendant is a corporation with its principal place of business in New Jersey, its state of incorporation.

In October 1993, Hanna purchased two insurance policies from Prudential. Each policy is in the face amount of $100,000.00 and contains a provision entitled "Settlement Options to Provide Acceleration of Death Benefits" under which two options are listed. The first option, entitled "Organ Transplant Option" states: "To choose this option, you must give us evidence that satisfies us that the Insured's life expectancy is 6 months or less unless the insured receives a vital organ transplant; part of that evidence must be a certification by a licensed physician. We will pay you the benefit base of one sum." (Def. Ex. C.) The second option entitled "Terminal Illness Option" states: "To choose this option, you must give us evidence that satisfies us that the Insured's life expectancy is six months or less; part of that evidence must be a certification by a licensed physician. We will pay you the benefit base of one sum." (Def. Ex. C.) The policy states that benefits under both of these options are paid "in one sum." (Def. Ex. C.)

On August 7, 1996, Hanna was diagnosed as having chronic hepatitis C and end-stage liver disease and underwent two successive liver transplants during a single operation at Mount

Sinai Medical Center in New York.  The first liver did not
function well, and the second transplant immediately replaced it.
Patient was hospitalized from August 7, 1996 until August 26,
1996.

On October 24, 1996, approximately two months after his
liver transplant, Hanna filed with Prudential what was
denominated by Prudential a "Living Needs Benefit Settlement
Option Selection Form."  Hanna and his physician, Albert D. Min,
M.D., answered the questions on the claim form.  To the question
that asks, "To qualify for this benefit, the patient must have a
life expectancy of six (6) months or less without a vital organ
transplant.[2]  In your estimation, does your patient meet this
requirement?", Dr. Min answered "No."  However, Dr. Min also
checked the box next to the word "liver" under the "yes" answer
which stated "[p]lease indicate which transplant is needed."  In
a letter dated October 29, 1996, Prudential denied Hanna's claim
on the ground that he did not have a life expectancy of six
months or less at the time the transplant occurred.  In October
2002, Hanna commenced this action.

## Discussion

The parties dispute, in the event that Hanna prevails on his
claim, what interest rate would apply to the proceeds of the
insurance policy from the date the claim was denied until the

---

[2] The claim form uses the words "without a vital organ transplant"
whereas the language on the policy provision uses the words "unless
the insured receives a vital organ transplant".

date of judgment. Hanna contends that the nine-percent interest rate set forth in N.Y. C.P.L.R. § 5004 applies.[3] The defendant contends that a three-percent interest rate applies, as derived from two possible sources: First, the insurance policy's default interest rate provided for when proceeds are payable upon the insured's death; and second, New York Insurance Law Section 3214.

The "Terminal Illness Option" and the "Organ Transplant Option" each provide that Prudential "will pay [the beneficiary] the benefit base in one sum." (Def. Ex. C.) The insurance policy further provides that "A payee may choose an option for all or part of any proceeds or residue that becomes payable to him or her in one sum." (Def. Ex. C.) The policy then lists five options that a payee may select, if he chooses to receive the proceeds in a form other than a lump sum. Option Three provides:

> We will hold an amount at interest. We will pay interest at an effective rate of at least 3% a year ($30.00 annually, $14.98 semi-annually, $7.42 quarterly or $2.47 monthly per $1,000). We may pay more interest.

Under Option Three, Prudential maintains possession of the proceeds of the policy, and pays out the interest it accrues each year. Neither party argues that Hanna actually selected Option Three, since the claim was denied before any option was selected.

The insurance policy also contains a section labeled "Automatic Mode of Settlement," which provides:

---

[3] N.Y. C.P.L.R. § 5004 states, "Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute."

| Applicability | These provisions apply to proceeds arising from the Insured's death and payable in one sum to a payee who is a beneficiary.  They do not apply to any periodic payment. |
| Interests on Proceeds | We will hold the proceeds at interest under Option 3 of the Settlement Options provisions. The payee may withdraw the residue.  We will pay it promptly on request.  We will pay interest annually unless we agree to pay it more often. . . . |

(Def. Ex. C at 24.)

This provision designates Option Three as the default mode of payment in the event that the proceeds of the policy are payable due to the Insured's death.  Prudential contends that even though the "Automatic Mode of Settlement" provision is explicitly limited to "proceeds arising from the Insured's death," it nonetheless would be the default method of paying the benefits at issue in this case despite the fact that they did not arise from the "Insured's death."

Under New York law, a court must construe an insurance policy, like any contract, to effect the intent of the parties as evident from the plain meaning of the policy's terms.  *Andy Warhol Found for Visual Arts, Inc. v. Federal Ins. Co.*, 189 F.3d 208, 215 (2d Cir. 1999).  Plain, unambiguous language is given its ordinary meaning.  *Commercial Union Ins. Co. v. Flagship Marine Servs.*, 190 F.3d 26, 32-33 (2d Cir. 1999).  Where the policy is reasonably susceptible to multiple interpretations, it is ambiguous.  *Id.*

Here the policy is clear.  Benefits may become payable under at least three conditions: 1) the death of the insured; 2) the "Terminal Illness Option"; or 3) the "Organ Transplant Option." Where the benefit is paid due to the "Insured's death," the default payment plan is Option Three, as stated in the "Automatic Mode of Settlement" provision.  That provision, by its terms, only applies to proceeds "arising from the Insured's death." Where, however, the benefit is paid due to either the "Terminal Illness Option" or the "Organ Transplant Option," the policy provides that the benefit will be paid in a single sum.

Prudential's argument that the policy provides for a default mode of payment in the event that the insured elects to exercise the Terminal Illness or Organ Transplant Option, besides being contrary to the plain language of the policy, is not reasonable in light of the purposes of those provisions.  Prudential's argument suggests that the default payment plan for one who has less than six months to live would be to receive merely interest payments from the proceeds of his policy.  The purpose of accelerated benefits is to provide the proceeds of the policy *before* a terminally ill patient passes away so that daily expenses, medical bills, and funeral preparations can be paid. *See* Carole C. Lamson, *Legal Introduction in Living Benefits in Life Insurance*, 65 N.Y. Sᴛ. B.J., Nov. 1993, at 16 (describing purposes of accelerated benefits clauses).  A default payment plan that merely provided interest payments on the proceeds would not provide the insured with meaningful access to his benefits

before death, and would not effectuate the intent of the parties.

In the alternative, Prudential argues that New York
Insurance Law § 3214 provides the applicable interest rate.  That
statute states in relevant part:

> (a) If an action to recover the proceeds due under a policy
> of life insurance or contract of annuity delivered or issued
> for delivery in this state results in a judgment against the
> insurer, interest thereon shall be paid from the date of the
> death of the insured or annuitant in connection with a death
> claim on a policy of life insurance or contract of annuity
> and from the date of maturity of an endowment contract to
> the date the verdict is rendered or the report or decision
> is made, computed pursuant to the provisions of subsection
> (c) hereof, and thereafter in accord with the provisions of
> sections five thousand two and five thousand three of the
> civil practice law and rules.
> . . . .
> (c) If no action has been commenced, interest upon the
> principal sum paid to the beneficiary or policyholder shall
> be computed daily at the rate of interest currently paid by
> the insurer on proceeds left under the interest settlement
> option, from the date of the death of an insured or
> annuitant in connection with a death claim on such a policy
> of life insurance or contract of annuity and from the date
> of maturity of an endowment contract to the date of payment
> and shall be added to and be a part of the total sum paid.

There are no reported cases applying this provision to an
accelerated benefits clause.

Prudential contends that the "rate of interest currently
paid by the insurer on proceeds left under the interest
settlement option" is the 3% rate provided for in Option Three,
previously described.  By its terms, however, Section 3214 only
applies to benefits owed "in connection with a death claim on a
policy of life insurance."  And it speaks of interest accrued
"from the date of the death of the insured."  The proceeds in
this case, if they are in fact owed, were not owed when the

insured died, but instead when the claim for pre-death, accelerated benefits was submitted.  Accordingly, Section 3214 is inapplicable, absent any evidence that the insured would have opted to receive benefits in a form other than a lump sum.

In the absence also of a contractual provision to the contrary, the Court looks to state law in diversity cases. *Aniero Concrete Co., Inc. v. N.Y. City Constr. Auth.*, 308 F. Supp. 2d 164, 211 (S.D.N.Y. 2003) (in diversity case, state law governs award of prejudgment interest); *Commonwealth Ass'n v. Letsos*, 40 F. Supp. 2d 170, 177 n.42 (S.D.N.Y. 1999) (same). N.Y. C.P.L.R. § 5004 provides, "Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute."  Federal district courts sitting in New York routinely apply this rate to calculate prejudgment interest in diversity cases.  *See, e.g., Koylum, Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593, 596 (E.D.N.Y. 2005) (collecting cases). Accordingly, I conclude that a nine percent interest rate is appropriate.

Conclusion

For the foregoing reasons, the Court concludes that the applicable interest rate the nine percent rate provided for in N.Y. C.P.L.R. § 5004.

The Clerk is directed to furnish a filed copy of the within to all parties and to the magistrate judge.

    SO ORDERED.

Dated :    Brooklyn, New York

    July 26, 2005

                    /s/Charles P. Sifton (electronically signed)
                    United States District Judge